IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LEE GRILLETTE, <br> #57139-177, <br> MOVANT, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br> RESPONDENT. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> CASE NO. 3:19-CV-2833-S-BK <br> (CRIMINAL NO. 3:18-CR-195-S-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant David Lee Grillette's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including issuance of findings and a recommended disposition. As detailed herein, the motion should be summarily **DISMISSED WITHOUT PREJUDICE**.[1]

### I. BACKGROUND

In 2018, Grillette pled guilty to possession of a controlled substance with intent to distribute and possession of a firearm by a felon and was sentenced to 60 months' imprisonment on each count, to be served concurrently. *United States v. Grillette*, 3:18-CR-195-S-1, Crim. Doc. 35 (N.D. Tex. Dec. 11, 2018). The judgment also provided that the imprisonment term be served concurrently with any term of imprisonment imposed in Dallas County case numbers

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Nos. F-1731795, F-1731508, and MB1731746. Crim. Doc. 35 at 2. Additionally, the Judgment provided that the sentence be served consecutively to Grillete's parole revocation pending in the 11th Judicial District Court of DeSoto Parish case number 66,679. *Id.* Following sentencing, Grillete was returned to state custody. However, on March 8, 2019, he was mistakenly released from the Texas Department of Criminal Justice (TDCJ) due to a clerical error. Doc. 1 at 5-6. Despite his repeated efforts to notify the U.S. Marshal that he had been released in error, Grillete was not reincarcerated until March 19, 2019. Doc. 1 at 6-8.

By this action, Grillete requests that the remainder of his sentence be vacated on equitable grounds because TDCJ released him in error. Doc. 1 at 8, 15. Alternatively, he requests that the Bureau of Prisons be ordered to (1) remove the escape classification from his prison record, (2) grant him credit for nine days spent in the halfway house, and (3) release him from custody based on the conditions initially set by this Court. Doc. 1 at 15.

Having reviewed the record, the Court now concludes that Grillette's claims are not cognizable in an action under Section 2255 and, insofar as he seeks relief under Section 2241, the Court lacks jurisdiction to consider his claims. Thus, the Section 2255 motion should be dismissed.

## II. ANALYSIS

"Section 2255 provides the primary means of 'collaterally attacking a federal sentence,' and is the appropriate remedy for 'errors that occurred at or prior to the sentencing.'" *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (quoted cases omitted). Relief under 28 U.S.C. § 2241, on the other hand, "is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed.'" *Id.* at 426 (quoted case omitted).

Here, because Grillete does not seek to challenge his federal conviction and sentence, but only the execution of his sentence, his claims are not cognizable under Section 2255. As such, his Section 2255 motion should be summarily dismissed without prejudice. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (providing for summary dismissal "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief").

Even if Grillete's Section 2255 motion is liberally construed to seek relief under Section 2241, this Court lacks jurisdiction to consider his claims. Although his federal sentence was imposed by this Court, any Section 2241 action must be brought in the district in which he is presently confined. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (holding sentencing court lacked jurisdiction over Section 2241 petition because petitioner was not incarcerated within that district, and remanding case with instructions to dismiss without prejudice). Grillete is confined within the Bureau of Prisons in Milan, Michigan.

### III. CONCLUSION

For the foregoing reasons, the Section 2255 motion should be summarily **DISMISSED WITHOUT PREJUDICE** as it does not present a cognizable basis for Section 2255 relief. In the alternative, the motion, as liberally construed to seek relief under 28 U.S.C. § 2241, should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on February 4, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).